Taylor *v.* Harlow.

Judgment affirmed.(<i>a</i>)

———•●•———

## TAYLOR *vs.* HARLOW and PIERSON.

In all instruments of a special character, the general terms which are used, must be construed in reference to the particular terms which form the subject matter of the instrument.

But the court, in giving a construction, will apply the principle that all instruments must be construed according to the spirit as well as the letter.

In a power of attorney given by the plaintiff, (who was the owner of a lot of timbered land) to his agent, the powers particularly mentioned, were "to commence and prosecute any suit or suits, action or actions, which may arise out of, or proceed from any trespass or trespasses, waste or wastes, committed upon the real or personal property, belonging to me, in the town of M," and to " exercise a sound discretion in the settlement of any trespass or trespasses so committed as aforesaid," &c. The agent settled with the defendants for trespasses committed by them on the lands of the plaintiff in the town of M., before the commencement of any suit against them, and gave them a writing, in the name of his principal, [the plaintiff,] stating the receipt by him, from them, of " sixty-two dollars, in full for timber, and for all trespasses committed by them, or either of them, or their servants or agents on the land of" the plaintiff, " in the town of M." *Held,* That the agent was authorized to settle for trespasses, &c., as well before, as after, suit brought; and that, as a recovery, or settlement in trespass, would debar the plaintiff of authority to sue in replevin to recover the property taken, so a settlement of the trespass had the same effect, though made before a suit was brought.

Taylor *v.* Harlow.

THIS was an action of replevin brought by the plaintiff against the defendants, for a quantity of pine boards and plank, sawed, which he alledged they wrongfully took and unjustly detained from him. The defendants pleaded separately. Harlow pleaded *non cepit*, and gave notice, that he would give in evidence, on the trial of the cause 1. Property in *himself*, and not in the plaintiff; 2. Property in the defendants, Harlow and Pierson, and not in the plaintiff; 3. Property in the defendant Pierson, and not in the plaintiff; 4. That he, the defendant Harlow, since the supposed taking, "and before the commencement of this suit, settled with, and paid the said plaintiff for such taking, and for the said goods and chattels ; and that before the commencement of this suit, the plaintiff accepted and received thirty-three dollars, in full satisfaction therefor, and the defendant Harlow asked for a return of said goods and chattels, according to statute." Pierson put in a like plea, and gave like notices. The cause was tried at the Saratoga circuit, in August, 1848, before Willard, justice. On the trial, the plaintiff's counsel proved by Jonathan Whiting, that he owned a saw mill, at which the lumber in question was sawed, from logs drawn to his mill by the defendants, and by their directions. The defendants once said the logs came off the Lord lot, (a piece of wood-land, three miles from the saw mill.) The logs were brought to the mill in the direction from the plaintiff's land, which is very near. The witness went over the plaintiff's land, and found that the logs brought to witness' mill, corresponded in size and quality, with stumps recently made on the plaintiff's land. The witness gave a receipt to the plaintiff, which was produced and read in evidence, for the pine boards and plank, sawed from the logs so brought to his mill by the defendants. With the assent of the witness, and by authority of the plaintiff, Freeman Thomas took one half of the lumber, and drew it to the cars. Before he got the balance away, the defendants claimed and took it away from him, and covered it up in the witness' yard, and took care of it. The delivery of the lumber to Thomas was in August, 1847. The lumber in witness' yard was replevied and delivered to the plaintiff. Freeman Thomas was also called and sworn on behalf

of the plaintiff, and testified, that he presented an order from the plaintiff, about July 29, 1847, to Mr. Whiting, for the lumber in question. Mr. Whiting delivered him all the lumber, and he drew it to the cars. The defendant, Harlow, threw it off the cars witness was loading, and afterwards the defendants drew it away to the yard of Mr. Jennings. Before the commencement of this suit, he demanded the lumber from the defendants. He appraised the lumber before the sheriff; that he was a judge of lumber, and it was worth $200. The plaintiff rested his case, and the defendant's counsel moved for a nonsuit, on the ground that the plaintiff had not proved his title to the lumber replevied; which motion the judge denied, and the defendants' counsel excepted. The defendants then introduced and offered in evidence a power of attorney, bearing date 12th August, 1844, executed by the plaintiff under his hand and seal, in the words following : " I hereby constitute and appoint Thomas G. Young of the village of Ballston Spa, my attorney, for me, and in my name, to commence and prosecute any suit or suits, action or actions, which may arise out of, or proceed from any trespass or trespasses, waste or wastes, committed upon the real estate or personal property belonging to me, in the town of Milton, Saratoga county, N. Y. And I hereby authorize the said Young to collect any or all damage which may be awarded in my favor, by means or on account of the committing of any trespass or waste as aforesaid ; and in prosecuting said trespasses or waste to judgment, to use all lawful and legal means ; and exercise a sound discretion in the settlement of any trespass or waste so committed as aforesaid, as I could of my own proper person, were I present." This power of attorney was recorded in the Saratoga county clerk's office. The defendants' counsel also produced, proved, and offered in evidence, a receipt as follows : " Rec'd, July 15th, 1847, of D. R. Harlow and S. A. Pierson, sixty-two dollars, in full for timber and for all trespasses committed by them, or either of them, or their servants or agents, on the land of Thomas C. Taylor, in the town of Milton. THOMAS C. TAYLOR, by T. G. YOUNG, his attorney." The plaintiff's counsel objected to the reception and admissibility of each of these doc-

uments as evidence, and the court excluded them; and the defendants' counsel excepted to the decision. The testimony being closed, the defendants' counsel asked leave of the court to submit the cause to the jury, on the evidence, as a question of fact; this was refused, and the defendants' counsel excepted. The judge then directed the jury to find a verdict for the plaintiff for six cents damages, and to assess the value of the property at two hundred dollars. To this direction the defendants' counsel excepted; and the jury rendered a verdict for the plaintiff, according to the direction of the court.

*S. P. Nash*, for the defendants.

*Gerard & Buckley*, for the plaintiff.

*By the Court*, EDWARDS, J. We think that the circuit judge was right in denying the motion for a nonsuit.

The next question which arises is, whether the power of attorney given by the plaintiff, and the settlement which was made under it, were admissible in evidence on the part of the defendants. There is no doubt as to the general principle, that in all instruments of a special character, the general terms which are used, must be construed in reference to the particular terms which form the subject matter of the instrument; and the case of *Rossiter* v. *Rossiter*, (8 *Wend*, 494,) which was cited on the argument, by the counsel for the plaintiff, illustrates the extent to which this principle is applied to powers of attorney.

It is not disputed that the power of attorney in this case was of a special character, but it is contended that even if it be so construed, the agent of the plaintiff did not exceed his authority. The powers which are particularly mentioned are " to commence and prosecute any suit or suits, action or actions, which may arise out of, or proceed from any trespass or trespasses, waste or wastes, committed upon the real or personal property belonging to the plaintiff, in the town of Milton, Saratoga county, N. Y." And to " exercise a sound discretion in the settlement of any trespass or trespasses, so committed, as aforesaid," &c.

Taylor *v.* Harlow.

It is not denied by the plaintiff's counsel that these words would authorize the attorney to settle all suits actually brought for any of the causes stated, but he contends that it was necessary that a suit should be commenced, before a settlement could be made. It will be observed that such are not the terms of the instrument; but even if they were, we think that applying the principle that all instruments must be construed according to the spirit as well as the letter, the attorney would be authorized to make a settlement without the commencement of a suit. If it were otherwise, the result would be, that although a favorable offer of compromise should be made, the attorney could not make a settlement until a writ should be duly issued, but that immediately afterwards, he would have adequate powers for that purpose. In this case, however, to remove all question, the agent was authorized by the very letter of the power of attorney, to make a settlement without reference to a suit being commenced. But it is said, that as the receipt given upon the settlement was in full for the timber which formed the subject of this suit, the attorney exceeded his authority. The object of the power of attorney was to enable the agent to obtain satisfaction for the injury sustained by the plaintiff, in having his timber taken from his premises. He had his concurrent remedies of trespass and replevin. But if he had brought an action of trespass, and recovered damages, or had compromised the suit, he would not have been authorized to sue in replevin to recover the property taken. A recovery or settlement in trespass, would have been a satisfaction for the whole injury. And a settlement of the trespass had the same effect, though made before a suit was brought. We think that the judge erred in excluding the testimony offered, and a new trial must be granted. Costs to abide the event.

[NEW-YORK GENERAL TERM, June 14, 1851. *Edmonds, Edwards* and *King.* Justices.]